**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN TEDESCO and TINA TEDESCO, | |
| Plaintiffs, | CIVIL ACTION NO. 3:17-CV-01282 |
| v. | (JUDGE CAPUTO) |
| MONROE COUNTY, et. al., | (MAGISTRATE JUDGE CARLSON) |
| Defendants. | |

## **MEMORANDUM**

Presently before this Court is: Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 6) to Plaintiff John Tedesco's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* (Doc. 3); Magistrate Judge Carlson's *sua sponte* recommendation that Plaintiff's Complaint be dismissed (Doc. 6); and Plaintiff's filings (Docs. 8-9) which are construed as a Motion for Leave to Amend the Complaint. Because Plaintiff's financial means are sufficiently limited, Magistrate Judge Carlson's recommendation will be adopted, and Plaintiff's Motion for Leave to Proceed *in forma pauperis* will be granted. But, Plaintiff's Complaint will be dismissed because the claims pled either lack subject matter jurisdiction or are asserted against individuals who are immune from suit. Finally, Plaintiff's Motion for Leave to Amend will be denied because providing an opportunity to amend would be futile.

### **I. Background**

**A. Factual Background**

The facts as constructed from Plaintiff's *pro se* Complaint (Doc. 1) and the public record can be summarized as follows:

Plaintiff John Tedesco and his wife, Tina Tedesco, were arrested in July of 2013 and charged with a number of crimes related to the death of an elderly, disabled woman. Ultimately, both John and Tina Tedesco were convicted of: third-degree murder; neglect of

care-dependent person; theft by unlawful taking; theft by failing to make required disposition of funds received; and tempering with or fabricating physical evidence. Following their convictions at trial in August of 2015, they were both sentenced to a term of incarceration between 183 and 366 months. Now, Plaintiff seeks to sue the prosecutors who convicted him and his wife.

Prior to Plaintiff's trial, Plaintiff alleges that members of the District Attorney's Office "amended the criminal information and jury verdict slip" in an attempt to ensure that Plaintiff was convicted of crimes never formally charged. (*see, e.g.*, Doc. 1, at ¶ V.) Additionally, Plaintiff claims that a number of his constitutional rights[1], including his right to be free from double jeopardy, were violated as a result of his prosecution. He contends that the prosecutors were aware of these constitutional defects, but decided to proceed with the criminal action because the defendants had a "malicious intent" to see him convicted. (Doc. 1-1, at 15.)

Following his sentencing on October 26, 2015, Plaintiff pursued an appeal seeking to address the alleged defects in both his conviction and sentence. On September 19, 2017, Plaintiff's state court appeal ended when the Pennsylvania Supreme Court denied Plaintiff's Petition for Allowance of Appeal. *Pa. v. Tedesco*, No. 159 MAL 2017 (Pa. Sept. 19, 2017).

There are four Defendants named in the Complaint: (1) Monroe County; (2) Assistant District Attorney for Monroe County Michael Mancuso in his individual and official capacities; (3) Assistant District Attorney for Monroe County Kelly Lombardo in her individual and official capacities; and (4) District Attorney for Monroe County David Christine in his individual and official capacities. Plaintiff alleges that each Defendant had a role in the "plot" to see his constitutional rights trampled.

---

[1] Plaintiff sporadically identifies amendments to the United States Constitution, but continually fails to provide any facts that would demonstrate why the given amendment would be implicated.

2

**B. Procedural History**

Plaintiff filed the instant action and a Motion for Leave to Proceed *in forma pauperis* in the United States District Court for the Middle District of Pennsylvania on July 20, 2017. Pursuant to the Prison Litigation Reform Act ("PLRA"), Magistrate Judge Carlson has conducted an initial screening of Plaintiff's Complaint and provided this Court with a R&R. Magistrate Judge Carlson's R&R was filed on July 21, 2017. It is Magistrate Judge Carlson's recommendation that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be granted and Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. On August 3, 2017, Plaintiff filed timely objections to Magistrate Judge Carlson's R&R.

The R&R and Plaintiff's objections are now ripe for review.

## II. Legal Standards

**A.     Review of the Report and Recommendation**

Where objections to a magistrate judge's R&R are filed, the Court must conduct a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). This only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).

In conducting a *de novo* review, a court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at

3

a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.    Motion to Dismiss**

A court screening a Complaint pursuant to the Prison Reform Litigation Act uses the same standard as it does for a 12(b)(6) motion to dismiss. *See Shover v. York Cty. Prison*, No. 11-CV-2248, 2012 WL 720858, at *2 (M.D. Pa. Mar. 1, 2012).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed.

4

2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30

(3d Cir. 1997)).

### III. Discussion

**A. Motion For Leave to Proceed *In Forma Pauperis***

Plaintiff's Motion for Leave to Proceed *in forma pauperis* will be granted. The decision whether to grant or deny *in forma pauperis* status rests within the sound discretion of the district court. *United States v. Holiday*, 436 F.2d 1079, 1070-80 (3d Cir. 1971). To qualify for such status, courts do not require penniless destitution, but rather look to determine whether the plaintiff would be precluded from court due to a potential financial burden imposed by the Court. *See Ward v. Werner*, 61 F.R.D 639, 639 (M.D. Pa. 1974) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). Notably, there is "no fixed net worth which disqualifies a party as a pauper." *Id.* at 640.

Plaintiff is presently employed, but his current compensation is only $15.00 per month. As such, this Court agrees with and will adopt the recommendation provided by Magistrate Judge Carlson: Plaintiff's Motion for Leave to Proceed *in forma pauperis* will be granted.

**B. Recommendation To Dismiss Plaintiff's Complaint**

Pursuant to the PLRA, courts are required to screen complaints when a prisoner wishes to proceed *in forma pauperis*. The screening required is comprehensive. Title 28 U.S.C. §1915 provides that the district court shall dismiss a complaint if the court determines that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A,1915(e)(2)(B). During the screening of a complaint proceeding *in forma pauperis*, the court is also free to consider questions related to subject matter jurisdiction and abstention. *See Day v. Florida*, 563 Fed. App'x. 878, 880, 881 n.2 (3d Cir. 2014) (per curiam).

While screening Plaintiff's Complaint, Magistrate Judge Carlson identified four

grounds for dismissal: (1) Plaintiff is barred from suing officials for their role in a criminal case which resulted in a conviction; (2) the *Rooker-Feldman* Doctrine deprives this case of subject matter jurisdiction; (3) the *Younger* abstention doctrine advises against ruling upon claims for injunctive relief; and (4) the Prosecutors named in the Complaint are entitled to immunity from liability. Additionally, Magistrate Judge Carlson noted that while two parties are named in the instant action–John and Tina Tedesco–the pleading was construed to apply only to Mr. John Tedesco because as a non-lawyer Mr. Tedesco is only permitted to represent himself.

Plaintiff has filed timely objections to each of the four bases for dismissal identified by Magistrate Judge Carlson. Mr. Tedesco has also objected to the exclusion of his wife, Tina, from these proceedings. Each objection raised by Plaintiff will be addressed below:

### 1. *Plaintiff John Tedesco may not represent his wife Tina Tedesco in this action*

Magistrate Judge Carlson correctly notes that this action is brought on behalf of both John and Tina Tedesco. But, it is evident that the complaint and subsequent filings were solely prepared by John Tedesco. "It is a well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court." *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *see* 28 U.S.C. §1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally, or by counsel. . . ."); FED.R.CIV.P. 11(a) (requiring that all pleadings, motions, and submissions to federal courts be signed by an attorney of record, or by the unrepresented party); *see also DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("[P]laintiffs have no statutory [or] constitutional right to be represented in federal court by a non-lawyer."). For this reason, Plaintiff John Tedesco will be unable to raise claims on behalf of his wife Tina Tedesco.

Plaintiff has objected to Magistrate Judge Carlson's R&R in so far that it would preclude Plaintiff from raising claims on behalf of his wife. In doing so, Plaintiff solely relies

7

on the federal rule governing class action litigation: Federal Rule of Civil Procedure 23. However, reliance on Rule 23 is misplaced. This Rule does not obfuscate the prohibition against *pro se* litigants representing others in federal court. Further, even if Rule 23 could be applied to cure the deficiency in the structure of this action, class certification would fail. *See* FED.R.CIV.P. 23(a)(1), (4). As such, Plaintiff may not include claims related to injuries suffered by his wife in this action, and any claim predicated on the injury of Tina Tedesco will be dismissed.

2. *Plaintiff's claims seeking damages or equitable relief for constitutional violations related to his criminal proceeding are barred by Heck v. Humphrey*

Plaintiff objects to Magistrate Judge Carlson's R&R where it suggests that dismissal is warranted as Plaintiff may not sue a state official for their role in a criminal case which resulted in an undisturbed conviction. While Plaintiff's objection discusses the differences between the claims of malicious prosecution and false arrest, it is unclear what portion of Magistrate Judge Carlson's R&R Plaintiff found objectionable. So, even though Plaintiff's objection is not specific in nature, this Court will still review the recommendation of Magistrate Judge Carlson for clear error. *See Goney*, 749 F.2d at 6-7; *Cruz*, 990 F. Supp. 375, at 376-77.

At bottom, Magistrate Judge Carlson recommends dismissing Plaintiff's Complaint as it is barred by the precedent set in *Heck v. Humphery*, 512 U.S. 477 (1994). In *Heck*, the United State Supreme Court held that if the success of a §1983 damages suit brought by a plaintiff would "necessarily imply the invalidity of his conviction or sentence," the plaintiff may only bring the claim where the conviction or sentence has been invalidated. 512 U.S. at 486. This holding has been referred to as the "favorable termination rule." *See Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016). Specifically, the Court in *Heck* stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not

8

> cognizable under § 1983.

512 U.S. at 486-87. In other words, "a prisoner's civil rights suit for damages is barred unless he can demonstrate that his conviction or sentence has been invalidated." *Holmes v. Dreyer*, 431 Fed. App'x 69, 70 (3d Cir. 2011) (per curiam). Notably, "a prisoner's §1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit. . .– if success in the action would necessarily demonstrate the invalidity of [a Plaintiff's] confinement. . . ." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff appears to claim that he was maliciously prosecuted, denied effective legal counsel, wrongly convicted, and denied Fifth and Fourteenth Amendment protections. But, Plaintiff has failed to show that his conviction or sentence has been invalidated. As such, *Heck*'s "favorable termination" rule applies and bars plaintiff's claims for damages and equitable relief arising from his criminal prosecution. For this reason, Plaintiff's claims related to his prosecution or subsequent imprisonment will be dismissed.[2]

### 3. *The Rooker-Feldman doctrine deprives this case of subject matter jurisdiction*

As properly identified by Magistrate Judge Carlson, this Court does not have jurisdiction to review the constitutionality of Plaintiff's detention at this time due to the implication of the *Rooker-Feldman* doctrine. At its core, the *Rooker-Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to sit in direct review of state court decisions. *See Day*, 563 Fed. App'x at 880 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The doctrine is derived from 28 U.S.C. §1257 which states that '[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court. . . .'" *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court

---

[2] Notably, all claims raised by Plaintiff will be Heck barred because all claims raised by plaintiff seek to demonstrate the invalidity of his confinement and/or sentence and he has failed to show that his conviction has been invalidated.

9

has inferred that Congress did not intend to empower District Courts to review state court decisions." *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003). This doctrine applies equally to criminal and civil decisions rendered by a state court. In order for this Doctrine to apply, there are four requirements that must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal quotation omitted)..

    Here, as suggested by Magistrate Judge Carlson, all four factors are met. Plaintiff was prosecuted and convicted in state court. Additionally, Plaintiff's current Complaint, filed after his conviction in state court, alleges in part that the judgment of the state court violated his constitutional rights[3], and thus caused injury. Finally, Plaintiff both expressly and implicitly requests this Court review the decision of the state court.[4] In fact, Plaintiff's complaint reads more like a habeas petition than an action under 42 U.S.C. §1983. *See Abdus Shahid v. Borough of Eddystone*, No. 11-2501, 2012 WL 1858954, at *8 (E.D. Pa. May 22, 2012) (explaining that a federal district court does not have jurisdiction when a Plaintiff brings an action under 42 U.S.C. §1983 seeking to reopen a state criminal case to determine that he was wrongfully convicted). *Rooker-Feldman* will apply in this case

---

[3] While not immediately clear from Plaintiff's Complaint, it appears that Plaintiff argues that the judgment itself violated the Due Process Clause of the Fifth Amendment, and that the Court's sentence was discriminatory.

[4] Plaintiff expressly requests that the court "release [his] wife and myself due to our illegal incarceration and constitutional violations." (Doc. 1, at ¶ VI.) Such relief would only be provided following a substantive review of the actions taken by the state court. This request is improperly brought under 42 U.S.C. §1983 instead of 28 U.S.C. §2254. Further, Plaintiff contends in his Complaint that no "appeal" has been pursued until this point because his lawyers feared they would appear "incompetent." This suggests that Plaintiff acknowledges this action is intended to serve as an appeal. (Doc. 1-1, at 23.)

because: (1) Plaintiff, having been convicted, was the "loser" in the state court proceeding; (2) Plaintiff is claiming injury resulted from the state court judgment; (3) Plaintiff filed his federal complaint after the state court rendered judgment; and (4) Plaintiff is inviting appellate review of the state court's judgment.

Plaintiff objects to Magistrate Judge Carlson's analysis and argues the *Rooker-Feldman* doctrine does not apply in this case. Thus, Plaintiff contends that this Court has jurisdiction to hear this matter. Specifically, Plaintiff states that he is "not asking [for] what would amount to appellate review, [but is] stating that [his] constitutional rights have been violated." (Doc. 7, at 5). Unfortunately, the relief explicitly requested by Plaintiff–namely release from custody–would require this Court to review the decision of the state trial court for reversible error. *See Bolus v. Cappy*, 141 Fed. App'x 63, 65 (3d Cir. 2005) ("In order for us to grant the injunction, we would have to conclude that the state court made an incorrect factual or legal determination regarding Plaintiff's custody and would have to effectively reverse his state decision or void its ruling.") This Court must not conduct such inquiry.

Because the *Rooker-Feldman* elements are satisfied, this Court must dismiss any claim raised by Plaintiff that improperly invites this Court to act as an appellate court within the Commonwealth of Pennsylvania. As such, Plaintiff's claims related to the conduct of the state court will be dismissed because this Court lacks subject matter jurisdiction.

Notably, however, *Rooker-Feldman* will not bar claims related to injury caused by the actions of defendants that are separate and apart from the state-court judgment itself.[5] *See Great W. Mining and Mineral Co.,* 615 F.3d at 167; *see also Coles v. Granville*, 448 F.3d 853, 859 (6th Cir. 2006); *Davani v. Va. Dep't. of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

---

[5] For example, a claim made by Plaintiff that the state court judgment itself constituted a Fifth Amendment violation is barred. But, a claim that a prosecutor is liable under a theory of malicious prosecution is not barred by *Rooker-Feldman* because in this scenario the Plaintiff was not harmed by the state court judgment itself. Rather, the Plaintiff would be claiming injury due to the actions of the defendants. *See generally, Great W. Mining and Mineral Co.,* 615 F.3d at 166-68 (discussing the injury requirement of the *Rooker-Feldman* doctrine).

Barring such claims would violate the principles of *Rooker-Feldman*. Therefore, Magistrate Judge Carlson's R&R is too broad where it suggests that *any* claim relating to the state criminal prosecution should be dismissed.

  *4.  The Younger Abstention Doctrine is inapplicable in this case*

  Magistrate Judge Carlson recommends that this Court abstain from hearing Plaintiff's case because of the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). At bottom, the *Younger* abstention doctrine provides that "a federal district court has the discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005). As Magistrate Judge Carlson properly notes in his R&R, there are three factors that must be present for a district court to abstain under the *Younger* doctrine. *Kendall v. Russell*, 572 F.3d 126, 131 (3d Cir. 2009). One such requirement is that there be an ongoing state proceeding that is judicial in nature. *Id.* When Magistrate Judge Carlson issued his R&R on July 21, 2017, Plaintiff's appeal related to his state criminal conviction and sentence were still pending. But, on September 19, 2017, the Pennsylvania Supreme Court ended Plaintiff's appeal when the Court denied his Petition for Allowance of Appeal. Thus, Plaintiff's case is no longer "ongoing" in state court.

  For this reason, Magistrate Judge Carlson's recommendation will not be adopted as it relates to the application of the *Younger* abstention doctrine.

  *5.  Prosecutors named in the Complaint are entitled to immunity*

  Finally, Magistrate Judge Carlson recommends dismissing Plaintiff's claims against the prosecutors named in the Complaint because they are entitled to immunity. Magistrate Judge Carlson reasoned that it is well-settled that a prosecutor is provided absolute immunity for their acts as advocates. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 485-86 (1991) (noting that prosecutors are provided absolute immunity for claims related to initiating or

conducting prosecutions.); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (explaining that "acts undertaken by a prosecutor in preparing for initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to the protections of absolute immunity.") In fact, the Supreme Court has made clear that prosecutors are absolutely immune from liability for "acts that are intimately associated with the judicial phase of the criminal process, such as initiating a prosecution and . . . presenting the State's case." *Yarris v. County of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). For this reason, it is Magistrate Judge Carlson's recommendation that this Court dismiss Plaintiff's claims against the prosecutors named in the Complaint.

Plaintiff has objected to this recommendation contending that the prosecutors named in the Complaint are not owed immunity. While unclear, it appears that Plaintiff claims that a prosecutor is not owed immunity when he prosecutes a criminal defendant or when he amends the charges against a criminal defendant during or prior to trial. Plaintiff is incorrect. Magistrate Judge Carlson was correct in his finding that it is well-settled that prosecutors acting as advocates are entitled to absolute immunity. Because the named prosecutors are owed absolute immunity related to the filing of charges and the prosecution of a criminal case, Magistrate Judge Carlson's recommendation will be adopted and Plaintiff's claims against the named prosecutors will be dismissed.

**C. Leave to Amend**

The precedent in the Third Circuit is clear: "in civil right cases, district courts must offer amendment–irrespective of whether it is requested–when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 251 (3d Cir. 2007); *see, e.g.*, *Darr v. Wolfe*, 767 F.2d 79, 80-81 (3d Cir. 1985); *Kauffman v. Moss*, 420 F.2d 1270, 1276 (3d Cir. 1970)

(specifically noting the leniency provided to pro se filers). In this case, the Complaint fails to state a single viable civil rights claim due to profound defects in both form and substance. Further, the proposed amendment to Plaintiff's Complaint (Doc. 9) would not cure any of its fundamental defects. For these reasons, leave to amend would be futile. Therefore, Plaintiff's Motion for Leave to Amend will be dismissed. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)*.*

## IV. Conclusion

For the above stated reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* will be granted, but Plaintiff's Complaint will be dismissed in its entirety. Further, because amendment would be futile, Plaintiff's Motion for Leave to Amend will be denied.

An appropriate order follows.


September 29, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge