# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN TEDESCO and TINA TEDESCO,

    Plaintiffs,

    v.

MONROE COUNTY, et. al.,

    Defendants.

CIVIL ACTION NO. 3:17-CV-01282

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before this Court is the Motion for Reconsideration (Doc. 13) and Motion to Appoint Counsel (Doc. 17) filed by Plaintiff John Tedesco. In his Motion for Reconsideration, Mr. Tedesco requests reconsideration of this Court's decision to dismiss his complaint for failing to state a claim upon which relief could be granted. Because Mr. Tedesco fails to satisfy the standard for reconsideration, his Motion will be denied. Further, since Mr. Tedesco's claim will not be re-opened, his Motion to Appoint Counsel will be denied as moot.

## I. Background

### A. Factual History

The facts as stated in this Court's September 29, 2017 Memorandum are as follows[1]:

Plaintiff John Tedesco and his wife, Tina Tedesco, were arrested in July of 2013 and charged with a number of crimes related to the death of an elderly, disabled woman. Ultimately, both John and Tina Tedesco were convicted of: third-degree murder; neglect of care-dependent person; theft by unlawful taking; theft by failing to make required disposition of funds received; and tempering with or fabricating physical evidence.

---

[1]     Mr. Tedesco has offered no new or additional facts in his Motion for Reconsideration or in the Brief in Support of his Motion.

Following their convictions at trial in August of 2015, they were both sentenced to a term of incarceration between 183 and 366 months. Now, Plaintiff seeks to sue the prosecutors who convicted him and his wife.

Prior to Plaintiff's trial, Plaintiff alleges that members of the District Attorney's Office "amended the criminal information and jury verdict slip" in an attempt to ensure that Plaintiff was convicted of crimes never formally charged. (*see, e.g.*, Doc. 1, at ¶ V.) Additionally, Plaintiff claims that a number of his constitutional rights[2], including his right to be free from double jeopardy, were violated as a result of his prosecution. He contends that the prosecutors were aware of these constitutional defects, but decided to proceed with the criminal action because the defendants had a "malicious intent" to see him convicted. (Doc. 1-1, at 15.)

Following his sentencing on October 26, 2015, Plaintiff pursued an appeal seeking to address the alleged defects in both his conviction and sentence. On September 19, 2017, Plaintiff's state court appeal ended when the Pennsylvania Supreme Court denied Plaintiff's Petition for Allowance of Appeal. *Pa. v. Tedesco*, No. 159 MAL 2017 (Pa. Sept. 19, 2017).

There are four Defendants named in the Complaint: (1) Monroe County; (2) Assistant District Attorney for Monroe County Michael Mancuso in his individual and official capacities; (3) Assistant District Attorney for Monroe County Kelly Lombardo in her individual and official capacities; and (4) District Attorney for Monroe County David Christine in his individual and official capacities. Plaintiff alleges that each Defendant had a role in the "plot" to see his constitutional rights trampled.

---

[2] Plaintiff sporadically identifies amendments to the United States Constitution, but continually fails to provide any facts that would demonstrate why the given amendment would be implicated.

2

**B. Procedural History**

Plaintiff filed a Complaint and a Motion for Leave to Proceed *in forma pauperis* in the United States District Court for the Middle District of Pennsylvania on July 20, 2017. Pursuant to the Prison Litigation Reform Act ("PLRA"), Magistrate Judge Carlson conducted an initial screening of Plaintiff's Complaint and provided this Court with a Report and Recommendation ("R&R"). Magistrate Judge Carlson's R&R was filed on July 21, 2017. The R&R recommended granting *in forma pauperis* status to Plaintiff, but dismissing his Complaint with prejudice for failing to state a claim upon which relief could be granted.

On September 29, 2017 this Court adopted Magistrate Judge Carlson's recommendation. Specifically, this Court noted that Plaintiff's claims were barred by the precedent set by the United States Supreme Court in *Heck v. Humphery*, 512 U.S. 477 (1994). Additionally, this Court noted that the prosecutors named in Plaintiff's Complaint were immune from suit as they were acting as advocates for the Commonwealth of Pennsylvania.

Mr. Tedesco filed the instant Motion for Reconsideration on October 12, 2017, and he filed a Brief in Support of his Motion for Reconsideration on October 30, 2017. In anticipation of this matter re-opening, Mr. Tedesco filed a Motion to Appoint Counsel on November 3, 2017. Both Motions are ripe for review.

## II. Discussion

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law

or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Reconsideration is not warranted under the circumstances presented by the instant motion. Mr. Tedesco has identified neither a recent change in law, nor a clear error of law or fact that would compel reconsideration. In fact, Mr. Tedesco does little more than repackage his earlier objections to Magistrate Judge Carlson's R&R.[3] Because Mr. Tedesco has failed to provide this court with any newly-discovered evidence or legal precedent, there is no basis for reconsideration of this Court's September 29, 2017 Order dismissing Mr. Tedesco's claim with prejudice.

### III. Conclusion

For the above stated reasons, Plaintiff's Motion for Reconsideration will be denied. Similarly, Plaintiff's Motion to Appoint Counsel will be denied as moot.

An appropriate order follows.

November 21, 2017 /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                                                        United States District Judge

---

[3] At bottom, Mr. Tedesco argues that (1) his claim is not subject to the *Heck* bar; (2) he is able to represent his wife in this case; and (3) the named prosecutors should not be provided immunity from suit. These arguments were raised as objections to Magistrate Judge Carlson's R&R. Put simply, Mr. Tedesco has not provided any new evidence to support his arguments, and any new case law he has cited does not alter this Court's original conclusion.