# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TEDESCO and TINA TEDESCO, | |
| Plaintiffs, | NO. 3:17-CV-01282 |
| v. | (JUDGE CAPUTO) |
| MONROE COUNTY, *et al.*, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before me is a Motion for Relief from Judgment (Doc. 27) filed by *pro se* Plaintiff John Tedesco. Tedesco commenced this action against Defendants on July 20, 2017. (Doc. 1). Magistrate Judge Carlson subsequently issued a Report and Recommendation (Doc. 6) recommending that Tedesco's claims be dismissed with prejudice. Tedesco filed objections to the Report and Recommendation (Doc. 7). After the objections were fully briefed, I adopted the Report and Recommendation and dismissed Tedesco's claims with prejudice. (Doc. 12). Thereafter, Tedesco filed a motion for reconsideration (Doc. 13), which I denied. (Doc. 19).

Tedesco appealed the order dismissing his Complaint to the Third Circuit. *See Tedesco v. Monroe Cty.*, 723 F. App'x 125 (3d Cir. 2018). The Third Circuit, on May 18, 2018, affirmed the dismissal of the Complaint, and held that I did not err in denying the reconsideration motion. *Id.* at 126-27. On June 22, 2018, the Third Circuit issued a mandate. (Doc. 26).

Following the issuance of the mandate, Tedesco timely filed the instant Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 27). Tedesco argues that the Pennsylvania Department of Corrections, since June 14, 2016, "destroyed, confiscated, and or with[h]eld . . . all of his legal materials dating back to 2011." (Doc. 28 at 1) (altered for readability). As a result, he "was forced to make boiler

plate assertions with no evidence to support his § 1983 claim to the district court as well as the appeals court." (*Id.*). Defendants' "failure to disclose or produce" the materials he requested, Tedesco continues, is misconduct that warrants relief from judgment under Rule 60(b)(1) or (3). (*Id.* at 2-4).

I will deny Tedesco's motion. A "district court is without jurisdiction to alter the mandate of [an appellate court] on the basis of matters included or includable" in Tedesco's prior appeal. *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982). The matters that Tedesco raises now were includable in his prior appeal: he was allegedly denied his legal materials over a year before he initially filed suit, and the sufficiency of his Complaint was squarely at issue in his appeal. Additionally, the Third Circuit held that Tedesco's Complaint was *Heck* barred. *See Tedesco v. Monroe Cty.*, 723 F. App'x 125, 126-27 (3d Cir. 2018) ("Tedesco's claims, without exception, present frontal attacks on his still-valid state conviction[.] . . . He must assert these claims via a petition under 28 U.S.C. § 2254, not in a § 1983 complaint."). Granting Tedesco's Motion for Relief from Judgment would effectively require me to ignore the Third Circuit's judgment and allow him to pursue his claims in a Section 1983 action.

Accordingly, **NOW**, this 2nd day of October, 2018, **IT IS HEREBY ORDERED** that Plaintiff John Tedesco's Motion for Relief from Judgment (Doc. 27) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge